## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**HOWARD ANTHONY DENNIS,**
         **Petitioner,**

**v.**                                          **Case No.  3:04cv348/MCR/MD**

**JAMES R. MCDONOUGH,[1]**
         **Respondent.**

_____

## ORDER and
## REPORT AND RECOMMENDATION

**Before the court is an amended petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 7).  Respondent has filed a response with exhibits (docs. 18, 19) to which petitioner has replied (doc. 22).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.**

## BACKGROUND AND PROCEDURAL HISTORY

**In late 1991 petitioner was charged in the Circuit Court of Escambia County,**

---

[1] **James R. McDonough succeeded James Crosby as Secretary of the Florida Department of Corrections and is automatically substituted as respondent.  _See_ Fed. R. Civ. P. 25(d)(1).**

Florida with second degree murder.  A jury found him guilty as charged, and on May 13, 1992 he was sentenced to twenty-two (22) years in prison, followed by five (5) years probation ("the 1992 sentence") (doc. 19, ex. B, p. 196).[2]  He appealed, claiming evidentiary errors (ex. C).  His appeal was unsuccessful (ex. E).  He did not file any post-conviction related motions.

He served roughly half of his sentence, and was released to five years probation in May 1992.  Within seven months he was arrested for possession of cocaine and cited for violating his probation (ex. F, p. 15).  He admitted the violation and on March 27, 2003 was sentenced to twenty-seven (27) years in prison with credit for time already served ("the 2003 VOP sentence") (ex. F, p. 31).  He appealed, and his court-appointed counsel filed an *Anders*[3] brief (ex. G).  Petitioner was invited by the appellate court to file a brief (ex. H), but he did not (ex. I), and the court affirmed (ex. J).

On September 22, 2003 petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800, addressing both the 1992 sentence and the 2003 VOP sentence.[4]  He contended that the 1992 sentence was unlawful because Florida's sentencing guideline range for his conviction was 7 to 22 years, and that the trial court exceeded the maximum allowable sentence by adding five years probation on top of the 22 year maximum.  He further contended that the 2003 VOP sentence was illegal.  He argued that the highest sentence he could receive was five years since he had already served his 22 year sentence (with day for day served, plus basic and incentive gain time) (ex. L, pp. 1-6).  The trial court denied the motion without opinion (ex. L, p. 7).  Petitioner filed a *pro se* appeal, contending (1) that the court erred in denying his Rule 3.800 motion, (2) that the 1992 sentence was illegal under Florida's guidelines and statutes, (3) that the 1992 sentence was contrary to law, and (4) that the 2003 VOP sentence was illegal (ex. M).  The appellate court

---

[2] Hereafter all references to exhibits will be to doc. 19 unless otherwise noted.

[3] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4] There is no time limit for filing a motion to correct illegal sentence.  Fla. R. Crim. P. 3.800(a); *State v. Mancino*, 714 So.2d  429 (Fla. 1998).

affirmed without opinion (ex. O).  Petitioner then twice sought review in the Florida Supreme Court, but without success, the court holding that it lacked jurisdiction (exs. Q-T).

On June 30, 2004 petitioner filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850.  He argued (1) ineffective assistance of counsel in "allowing" the 1992 sentencing court to depart from the guidelines and impose an unlawful period of probation, (2) ineffective assistance of counsel in not arguing that the 1992 sentencing court unlawfully departed from the sentencing guidelines without written reasons, (3) trial court error in imposing the 2003 VOP sentence, which was illegal, and (4) ineffective assistance of appellate counsel by filing an *Anders* brief in the appeal of the 2003 VOP sentence (ex. U, pp. 9-10).  The court denied the 3.850 motion in a written opinion, holding that grounds (1) and (2) (which the court correctly treated as one, since there was no material difference between them) were untimely and therefore procedurally barred because they should have been raised in a Fla. R. Crim. P. 3.850(b) motion for post-conviction relief within two years of the time the 1992 sentence became final, which would have been in November, 1994; that ground (3) was procedurally barred because the issue should have been raised on appeal; and ground (4) was facially insufficient because it did not state specific facts describing how appellate counsel's performance was deficient (ex. U, pp. 14-16). Petitioner's appeal of the order denying his 2004 motion for post-conviction relief was unsuccessful (ex. X).

On September 28, 2004 (while the order denying his June 2004 motion was still on appeal) petitioner filed another Rule 3.800 motion, claiming that his 1992 sentence was illegal because the court imposed probation after the sentence without written reasons for departing from the recommended guidelines in violation of Florida law, and that the probationary sentence had been "withheld," which would prevent a future court from reinstating it after five years passed (ex. Y, pp. 1-4).  The court denied the motion in a written opinion holding that (1) the 1992 sentence was not a "departure" sentence, and therefore required no written reasons justifying departure, and (2) there was no record establishing that the probationary sentence

was withheld, so petitioner's argument that the sentence could not later be imposed was meritless (ex. Y, pp. 9-12).  This order was appealed, and the appellate court affirmed without opinion after the instant federal petition was filed (http://199.242.69.70/pls/ds/ds_docket).

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2)

> **"involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.**

120 S.Ct. at 1523 (O'Connor, J., concurring). Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable. More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172. The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06). If the State court decision is found in either

respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521.  Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued.  *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to

give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court).

## PETITIONER'S GROUNDS FOR RELIEF

**Ground 1.   The 1992 sentence and the 2003 VOP sentence were imposed in violation of double jeopardy.**

As respondent correctly asserts, this claim is procedurally defaulted.  It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[5] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In *Picard v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  In announcing that "the substance of a federal habeas corpus

---

[5]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

   (A)  the applicant has exhausted the remedies available in the courts of the State; or

      (B) (i)  there is an absence of available State corrective process; or

      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* 459 U.S. at 7, 103 S.Ct. at 278 (citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)). The only manner in which the habeas petitioner had cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." *Anderson*, 459 U.S. at 7, 103 S.Ct. at 278 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. 459 U.S. at 7 and n. 3, 103 S.Ct. at 278 and n. 3.

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, *supra*. The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal

review of the issue.[6]  The Supreme Court explained,"[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Duncan*, 115 S.Ct. at 888.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that  "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004).  The *Baldwin* Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Id.*  This language, while not part of the Court's holding, provides an instructive and useful rule of thumb.  With regard to this statement, the Eleventh Circuit stated in *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion.  However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"  *McNair* [*v. Campbell*], 315 F. Supp. 2d at 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

---

[6]The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

*Id.*, 416 F.3d at 1302-03 (citations omitted).[7]

The Eleventh Circuit, prior to *Duncan*, had broadly interpreted the "fair presentation" requirement.[8] However, after *Duncan*, the Eleventh Circuit has taken a more restrictive approach. For example, in *Zeigler v. Crosby*, the Circuit Court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The court specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Florida Constitution and Florida's Due Process Clause. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to

---

[7]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

[8]*See, e.g., Watson v. Dugger*, 945 F.2d 367 (11th Cir. 1991) (finding issue to be exhausted when petitioner argued in state court that trial court misapplied state law when it refused to give petitioner's requested jury instruction and thereby allowed the jury to convict without necessary showing of criminal intent, and argued in federal court that this was a due process violation); *Mattox v. Dugger*, 839 F.2d 1523 (11th Cir. 1988) (holding that a federal habeas corpus petition should not be dismissed on grounds of procedural default when a petitioner has previously brought an issue before a state court alleging only state law violations, when such a claim is equally supported by federal law, and the state cites such federal law in support of its position); *Hutchins v. Wainwright*, 715 F.2d 512, 518-19 (11th Cir. 1983) (petitioner exhausted Sixth Amendment confrontation clause claim in state court by raising hearsay objections, even though petitioner never raised Sixth Amendment claim in state court).

us." *Id.*

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas

court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Although petitioner now cites the double jeopardy clause as the basis for his claim, nowhere did he mention double jeopardy, or any other federal constitutional claim, in his presentations to the state courts. He relied *solely* on state law. He therefore did not fairly present a federal claim to the state courts, and he is now procedurally barred from returning to state court to do so. Petitioner has not shown sufficient cause for his failure, and since this petition raises sentencing issues only, there is no claim of innocence. Thus, this court should not consider the claim.

Moreover, even though petitioner now uses federal constitution terms, he nowhere points to any federal authority that supports his claim. In fact, his claim is based on his interpretation of Florida law, and is therefore not cognizable here. Federal habeas relief is available to correct only constitutional injury. 28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385

(1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied,* 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). In *Branan v. Booth*, for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508 (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980)).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." *Tejada v. Dugger*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 352, 110 S.Ct. 668. The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent.

**Grounds 2, 3 & 4.   Ineffective assistance of counsel.**

The second through fourth grounds raised here are based on alleged

ineffective assistance of counsel.

### A.   Clearly Established Federal Law

In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must prove that:  (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*).  In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.  *Chandler* at 1314.  "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.), *cert. denied*, 513 U.S. 899, 115 S.Ct. 255, 130 L.Ed.2d 175 (1994).  In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time."  *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance."  *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc).  Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.

*Chandler* at 1314 (footnote omitted).  Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation.  Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment.  *Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  466 U.S. at 693, 104 S.Ct. at 2067.  Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.*, at 694, 104 S.Ct. at 2068.  Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).

B.   Federal Review of State Court Decision

i.   Ineffective assistance of trial counsel - failure to object to imposition of probation after prison term in the 1992 sentence.

As respondent correctly asserts, this claim is procedurally defaulted.  It was raised in petitioner's June 2004 motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, and the court held that the claim was untimely, as it should have been raised within two years of the imposition of the 1992 sentence, or in November 1994.  The state court's ruling therefore rested on state grounds independent of any federal claim.  Petitioner has not presented anything supporting an inference that the time limitation in Fla. R. Crim. P. 3.850(b) is anything other than firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Ford v. Georgia, supra.*  This court should therefore not consider the claim.

If the court were to consider it, the claim is meritless.  As noted above, the claim depends on a finding that counsel was deficient in interpreting state law. Petitioner says that because the state sentencing guidelines had a range with a maximum of 22 years, he could not be sentenced to five years probation on top of the 22 years.  Petitioner's interpretation of the Florida statute is incorrect.  First, the Supreme Court of Florida specifically held that under the sentencing statute in effect when petitioner was sentenced, a court could impose what the court called a "probationary split sentence." *Poore v. State*. 531 So.2d 161, 164 (Fla. 1988).  The guidelines related only to the length of prison time a defendant could serve, and did not repeal the statutory maximum, which in petitioner's case was life.  Fla. Stat. § 782.04(2).  "The reference to 'sentence' in [Fla. R. Crim. P. 3.701(d)(12)] means incarceration, not periods of probation." *Weiner v. State*, 562 So.2d 392, 393 (Fla. 5th DCA 1990) (holding that it was permissible to impose a probationary term above the guidelines maximum).  "The period of probation, when combined with the period of incarceration, is limited only by the statutory maximum for the crime." *Id.  See also, Tyner v. State*, 545 So.2d 961 (Fla. 2nd DCA 1989) (explaining that probation could be imposed in addition the to maximum guidelines period, so long as the two combined did not exceed the statutory maximum).  Thus, counsel was not deficient for failing to object to the 1992 sentence.  Petitioner's claim is procedurally barred, and even if it were not, he has failed to show deficient performance or prejudice. The federal writ should not issue.

> ii. <u>Ineffective assistance of appellate counsel - failure to appeal probation after prison sentence.</u>

This claim relates to appellate counsel's failure to challenge the 2003 VOP sentence, and is procedurally defaulted for two reasons.  First, in his June 2004 motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 petitioner contended that appellate counsel was ineffective when he filed an *Anders* brief even though the original and VOP sentence departed from the guidelines and the imposition of probation was contrary to law (ex. U, p. 10).  The trial court found this claim to be facially insufficient and therefore procedurally barred.  This ruling rested

on adequate and independent state grounds, so this court need not consider the claim.  Second, and more fundamentally, the claim was not brought in the proper forum.  Claims of ineffective assistance of *appellate* counsel must be raised in the appellate court, not the trial court.  *Thompson v. State*, 759 So.2d 650 (Fla. 2000).  Petitioner has not shown sufficient cause for his procedural default, and he does not claim actual innocence, so this court should not consider the claim.

And if this court were to consider the claim, it would be found to be meritless.  As discussed above, the 1992 sentence was a legal sentence, so the probationary term could be added to the original sentence when petitioner violated.  Petitioner has not advanced any Florida authority for his claim that the five years could not be added for violation of probation.  The contrary is true.  The court in *Hernandez v. State*, 889 So.2d 913 (Fla. 2nd DCA 2004) held that it is lawful to impose a prison sentence based on violation of probation in a "probationary split sentence" (as was imposed here), so long as the original prison term and the violation of probation prison term do not exceed the statutory maximum.  In petitioner's case the maximum term was life.  The 2003 VOP sentence of 27 years equaled his 1992 sentence (22 years plus five years probation), with credit for time served, whatever that may have been.  Thus he could not serve more than 27 years in any event, a term that by definition is less than life.

Furthermore, the state courts have held *in petitioner's case* that the 2003 VOP sentence was not illegal, and this court is bound by that holding on Florida law.  As noted above petitioner filed a Rule 3.800 motion to correct illegal sentence challenging the 2003 VOP sentence.  Although neither the trial court nor the appellate court wrote an opinion, the nature of the disposition ("denied" as opposed to "dismissed") and surrounding circumstances (the fact that there was no apparent procedural bar and none was discussed in the order) indicates that the basis of the state court order was a summary denial on the merits -- that the sentence was not illegal.  *Cf. Harris v. Secretary for the Dep't of Corrections*, 2006 WL 1976785 at *1 (11th Cir. July 13, 2006) (unpublished opinion) (In the context of deciding whether an unexplained decision was an "adjudication on the merits" of a federal claim by a

state court under 2254(d)(1) and thus entitled to deference, the Eleventh Circuit stated:  "A state court decision that does not rest on procedural grounds alone is an adjudication on the merits, regardless of the form in which it is expressed." (citing *Wright v. Secretary for Dep't of Corrections*, 278 F.3d 1245, 1255-56 (11th Cir. 2002))).

Petitioner's argument here obviously depends upon this court determining counsel's performance was deficient, but first this court would have to conclude that the Rule 3.800 court referenced above misinterpreted state law.  In *Herring v. Secretary, Dep't of Corrections*, 397 F.3d 1338 (11th Cir. 2005) and *Callahan v. Campbell*, 427 F.3d 897 (11th Cir. 2005), the Eleventh Circuit addressed similar issues.  In *Herring*, the petitioner argued his counsel was ineffective for failing to make an objection, based on state law, to the introduction of non-statutory aggravating evidence at the penalty phase of his trial.  *Id.* at 1354-55.  The Florida Supreme Court concluded that the proposed objection would have been overruled and therefore counsel was not deficient.  *Id.*  The Eleventh Circuit held: "The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done. . . .  It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'" *Id.* (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

Similarly, in *Callahan*, the petitioner contended his counsel was ineffective for failing to argue that, based on the Alabama state courts' interpretation of the Double Jeopardy Clause in three state court cases (*Hull v. State*, 607 So.2d 369 (Ala. Crim. App. 1992), *Ex parte Hergott*, 588 So.2d 911 (Ala. 1991), and *Ex parte Callahan*, 471 So.2d 463 (Ala. 1985) (*Callahan I*)), the introduction of petitioner's statements at his second trial was precluded.  The Alabama Court of Criminal Appeals concluded that the petitioner's claim relied on an erroneous interpretation of state law and rejected it.  The Eleventh Circuit held:

> [T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [petitioner's counsel] objected to the introduction of [petitioner's] statements based on

> *Callahan I*, *Hull*, and *Hergott* -- the objection would have been overruled. *Callahan* [*v. State*], 767 So.2d [380,] 386-87 [(Ala. Crim. App. 1999)] (*Callahan III*). Therefore, [petitioner's counsel] was not ineffective for failing to make that objection.
>
> Moreover, we are convinced [petitioner] could not satisfy the prejudice prong of *Strickland*. [Petitioner's] ability to demonstrate prejudice is again foreclosed by the state court's decision in *Callahan III*. Even if [petitioner's counsel] was ineffective for failing to make the objection, the state court has told us that if he did make the objection it would not have been successful. [Petitioner] cannot be prejudiced by his counsel's failure to make a losing objection.

427 F.3d at 932.

Here, as in *Herring* and *Callahan*, the state courts have answered the question of what would have happened had petitioner's counsel challenged the 2003 VOP sentence on direct appeal. The sentence would have been affirmed, as it was when petitioner later challenged it in his Rule 3.800 motion. Therefore, appellate counsel cannot be faulted for having failed to raise the matter on appeal. And since appellate counsel would have failed had he acted as petitioner now demands, petitioner cannot show prejudice. Consequently, petitioner's claim must fail, and the federal writ should not issue.

      iii.       <u>Ineffective assistance of counsel - failure to object at resentencing.</u>

Petitioner's final claim again relates to the 2003 VOP sentence. He contends that trial counsel was deficient in not objecting to the 27 year sentence. This claim is also procedurally defaulted, because petitioner has not presented it to any state court. In his June 2004 motion for Rule 3.850 post-conviction relief he argued that the 27 year sentence was illegal, and that *appellate* counsel was ineffective, but nowhere did he argue in the state court that his *trial* counsel was ineffective for not objecting to the additional five years. It is too late for petitioner to raise the claim now, Fla.R.Crim.P. 3.850(b), and he does not show cause for his failure, nor innocence. This court should therefore not consider the claim.

If the court were to consider the claim, it would be found to be meritless. As noted above, imposing a five year term for violating a five year probationary

sentence is proper under Florida law.  The state courts have held that *petitioner's* 2003 VOP sentence was legal.  Like appellate counsel, trial counsel cannot be held to be ineffective for not making an objection to something that is not legally objectionable.

For all of the foregoing reasons, petitioner is not entitled to federal habeas relief on any of his claims, and the writ should not issue.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that James R. McDonough has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

That the 28 U.S.C. § 2254 amended petition for writ of habeas corpus (doc. 7), challenging the conviction and sentence in *State of Florida v. Howard Anthony Dennis* in the Circuit Court of Escambia County, Florida, case no. 91-5503, be DENIED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 8th day of November, 2006.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**